IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 22-30460 |
| ROBERT ELMER WELCH, III, | § | |
| DEBTOR. | § | (CHAPTER 11) |

TEXAS DEVELOPMENT COMPANY'S
EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED BEFORE MARCH 4, 2022.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The Texas Development Company as leasing agent for 529 #49 Ltd. ("TDC") files this Motion for Relief from Automatic Stay, pursuant to Section 362(d)(1) of the Bankruptcy Code, FED. R. BANKR. P. 4001, and Local Rule 4001-1 for an order for relief to allow TDC to take all necessary actions to enforce TDC's Judgment of Eviction, Writ of Possession and contractual and/or statutory landlord's liens against Robert Elmer Welch, III, Individually and d/b/a Gas Process Equipment Company ("Debtor") in connection with the leasehold estate and property encumbered by such liens located at the commercial

warehouse situated at 11965 FM 529, Houston, Harris County, Texas, which TDC, as landlord, leased to Debtor, as tenant.

## A. JURISDICTION AND VENUE

This Court has jurisdiction over this bankruptcy case, the parties, and property affected, pursuant to 28 U.S.C. §§ 157(b) and 1334. The Court has constitutional authority to enter a final order modifying the automatic stay. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## B. BACKGROUND

**LEASE AND PERFECTED SECURITY INTEREST**

1. TDC is the manager of the Northwoods Industrial Park located along the south side of FM 529 in northwest Harris County, Texas. TDC generally leases crane-served industrial warehouses to commercial tenants, such as Debtor, on a triple-net basis. On or about October 14, 2021, TDC, as Landlord, and Debtor, as Tenant, executed a written lease agreement ("Lease") whereby Debtor agreed to lease certain property from TDC located at 11965 FM 529, Houston, Harris County, Texas ("Leased Premises"). The Lease had a commencement date of December 1, 2021, and Debtor was to deposit the sum of $14,985.00 as the security deposit ("Security Deposit") and another $14,985.00 as the first month's rent ("First Month's Rent"). A copy of the Lease is attached as **Exhibit 1**.

2. Part of the Lease also includes a provision whereby Debtor granted TDC a security interest in Debtor's property located on the Leased Premises, which TDC perfected as shown on the copy of the UCC-1, attached as **Exhibit 2**. As such, TDC holds a valid

and perfected security interest, as landlord, in those items described in the **UCC-1** form which TDC filed with the Texas Secretary of State on or about February 3, 2022. The collateral identified in TDC's UCC-1 filing is described as follows:

> "All goods, wares, equipment, fixtures, furniture, improvements, accounts, contract rights, chattel paper and other personal property of Debtors presently or which may hereafter be situated on the Premises located at 11965 FM 529, Houston, Harris County, Texas, 77041, and all proceeds therefrom, and such property shall not be removed therefrom without consent of the Secured Party until all arrearages in Rent as well as any and all other sums of money then due to the Secured Party under the Lease Agreement for such Premises shall first have been paid and discharged and all the covenants, agreements and conditions hereof have been fully complied with and performed by Debtor."

TDC's secured rights as a landlord with respect to TDC's liens are further described in Article 4.14 of the Lease attached as **Exhibit 1**. TDC also holds a statutory landlord's lien against Debtor's property pursuant to Chapter 54 of the Texas Property Code. Debtor is a an individual who owns a small company which appears to specialize in the design, engineering, and fabrication of oil and natural gas processing equipment. TDC anticipates that TDC's perfected liens attach to such oil and gas processing equipment, among other property located on the Leased Premises.

**DEBTOR'S PRE-FILING BREACH, EVICTION JUDGMENT AND WRIT OF POSSESSION**

3.     Debtor represented to TDC that the Security Deposit and First Month's Rent was being wired and would arrive shortly. Notwithstanding Debtor's failure to make both payments, he began to move his personal property and equipment on the Premises and began doing business.

4. On or about December 10, 2021, TDC provided notice to Debtor that Debtor had breached the Lease by, among other things, failing to pay both the Security Deposit and First Month's Rent for December, as he promised. A copy of TDC's December 10, 2021, notice of default is attached as **Exhibit 3**. Through the December 10, 2021, correspondence, TDC provided notice that Debtor owed the Security Deposit, First Month's Rent and other charges in the amount of **$31,296.25**, as of December 10, 2021.

5. On or about December 14, 2021, TDC also was required to file a lawsuit in the Justice Court of Harris County, Precinct 5, Place 1 against Debtor under Cause No 225100004701 ("Justice Court Lawsuit") seeking to regain possession of the Leased Premises, only. On February 2, 2022, TDC obtained a *contested* Judgment of Eviction ("Judgment") against the Debtor, a copy of which is attached as **Exhibit 4**. This Judgment entitled TDC to immediate possession of the Leased Premises, attorney's fees of $950.00 plus court costs of $121.00. Debtor has failed to vacate the Leased Premises and failed to pay TDC the attorney's fees and court costs awarded. This is now a final, non-appealable judgment.

6. As a result of Debtor's refusal to vacate the Leased Premises as ordered in the Judgment, TDC then sought and obtained a writ of possession in the Justice Court Lawsuit ("Writ of Possession") to forcibly evict Debtor, which was issued on February 17, 2022, a copy of which is attached as **Exhibit 5**.

7. On February 24, 2022, at approximately 11:20 am, the Writ of Possession was personally served on the Debtor by law enforcement requiring he vacate the Leased Premises immediately, otherwise law enforcement would forcibly do so.

8. Shortly thereafter, also on February 24, 2022, but at 1:53 PM, the Debtor filed the instant bankruptcy action seeking protection under Chapter 11 of the Bankruptcy Code.

9. TDC has attempted to resolve this matter in good faith with Debtor, without success, leaving TDC with no alternative other than to file the instant Motion seeking judicial relief.

10. Debtor is appearing Pro Se and is abusing the Bankruptcy Code by refusing to vacate the Leased Premises, despite never having paid a penny for his occupancy. As such, Debtor has unclean hands for purposes of this motion.

### C.   BASIS FOR REQUESTED RELIEF

1. On request of a party in interest and after notice and a hearing, 11 U.S.C. § 362(d)(1) provides that this Court has the authority to lift the automatic stay for "cause," which is not defined. Whether or not cause has been met is a determination that is left to the court's discretion. *In re Chesnut*, 422 F.3d 298, 303 (5th Cir. 2005) (citing *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004). "Whether cause exists must be determined on a case by case basis based on an examination of the totality of the circumstances." *In re Rashad*, 2010 WL 4976949, *4 (Bankr. S.D. Tex. 2010). When determining if "cause" exists, courts "generally consider the policies underlying the automatic stay in addition to the

competition interests of the debtors and the movant." *Prince v. CMS Wireless LLC,* 2012 WL 105001, at *3 (E.D. Tex. 2012) (internal citations and quotations omitted). To that end, "[c]ause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtors or other creditors." *Id.*

2. Bankruptcy courts consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any prejudice to a non-debtor of the continuation of the stay would outweigh any hardship to debtor, and whether the creditor has a probability of prevailing on the merits in the underlying case. *In re Lavender*, 2014 WL 4658726, *2 (Bankr. S.D. Tex. 2014), citing *In re Namazi*, 106 B.R. 93 (Bankr. E.D. Va. 1989).

3. Applying these factors, it is clear that the Debtor will not be prejudiced if TDC is permitted to enforce its Writ of Possession and TDC's contractual and/or statutory landlord's liens. Debtor had no business moving onto the Leased Premises without paying the Security Deposit and First Month's Rent. By the time this hearing is scheduled, Debtor will have tricked TDC into allowing him to operate for four (4) months (December, 2021 and January, February and most of March, 2022), almost 120 days **WITHOUT PAYING TDC A SINGLE PENNY**, all the while damaging and depreciating TDC's property, including the Leased Premises!

4. On the other hand, TDC will be greatly prejudiced if the stay remains in place, as TDC will be unable to collect any portion of the debt that Debtor owes to TDC. Such a result is unjust and not required by bankruptcy law and would prevent TDC from

attempting to recouping **over $82,000.00** in back rent owed by Debtor through the anticipated hearing date, as well as property damage committed by Debtor, which amount has not been established as of the filing of the instant Motion.  Attached as **Exhibit 6** is TDC's summary of those expenses otherwise due pursuant to the Lease.

5.	In summary, TDC seeks the entry of an order lifting the automatic stay for the limited purpose of allowing TDC to enforce the Writ of Possession and its contractual and/or statutory landlord's liens against Debtor's property by taking any and all necessary appropriate actions authorized by Texas law, including, without limitation, Chapter 9 of the Texas Business and Commerce Code and Chapter 54 of the Texas Property Code  and, including without limitation, the right to seek further judicial assistance.

6.	TDC further seeks its reasonable and necessary legal fees from Debtor for being forced to file this Motion while Debtor unlawfully retains possession of the Leased Premises despite Debtor having been ordered to vacate same by the Justice of the Peace, who then was forced to issue a Writ of Possession to forcibly evict Debtor.

Wherefore, The Texas Development Company respectfully requests that this Honorable Court lift the stay to allow TDC to pursue any and all actions which may be necessary to enforce TDC's Writ of Possession and contractual and/or statutory landlord's liens pursuant to Texas law, including, without limitation, Chapter 9 of the Texas Business and Commerce Code and Chapter 54 of the Texas Property Code, as well as pursuant to the terms of the parties' Lease Agreement, which is attached as **Exhibit 1**, and that TDC have and recover such other and further relief to which TDC may be justly entitled.

Dated: February 25, 2022        Respectfully submitted

                                             */s/ John S. Torigian*
                                             John S. Torigian
                                             Attorney in Charge
                                             Texas Bar No. 20142100
                                             Federal Admissions No. 374
                                             1600 Smith Street, Suite 3885
                                             Houston, Texas 77002
                                             Telephone: (713) 951-7603
                                             Facsimile: (713) 951-7611
                                             Email: jtorigian@msn.com

**OF COUNSEL:**                            **ATTORNEY FOR CREDITOR,**
**KRELL & TORIGIAN**                   **THE TEXAS DEVELOPMENT COMPANY**

## CERTIFICATE OF CONFERENCE

This shall certify that the undersigned conferred with Debtor, who is Pro Se, prior to the filing of this Chapter 11, and he promised to vacate the premises by Monday, February 14, 2022 if he didn't pay the past due amount by then, but as of the date of this filing hasn't either vacated the premises or paid the past due amount and now appears to be refusing to do either.

*/s/ John S. Torigian*
John S. Torigian

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing Motion for Relief from Automatic Stay was served on February 25, 2022 upon all parties registered to receive electronic notice of filings in this case through the Court's ECF notification and upon the following:

Alicia Lenae Barcomb
Office of the US Trustee
515 Rusk Street
Ste 3516
Houston, Texas 77002
Email: Alicia.barcomb@usdoj.gov

              */s/ John S. Torigian*
              John S. Torigian