# KRELL & TORIGIAN

**ATTORNEYS AT LAW**
AN AFFILIATION OF
PROFESSIONAL CORPORATIONS
NOT A PARTNERSHIP

1600 SMITH STREET
38th FLOOR, SUITE 3885
HOUSTON, TEXAS 77002-7345

TELEPHONE: (713) 951-7600
TELECOPIER: (713) 951-7611

December 10, 2021

**<u>VIA HAND DELIVERY</u>**
Robert E. Welch d/b/a
GAS PROCESS EQUIPMENT CO.
11965 FM 529
Houston, Texas 77041

Re:   Lease Agreement dated October 14, 2021, between 529 #49, Ltd. and Gas Process Equipment Company. for facilities located at 11965 FM 529, Houston, TX 77041.

Dear Mr. Welch:

This is a formal notice that ROBERT E. WELCH d/b/a GAS PROCESS EQUIPMENT CO. is in default under the terms of the Lease Agreement, due to your failure to pay the security deposit, first month's rent, first month's tax payment and late charges in accordance with the terms and conditions of the Lease Agreement. Currently you owe the sum of **$31,296.25**, which includes the Rent and additional charges as set forth below:

| DESCRIPTION | DATE | INV NO | AMOUNT |
|---|---|---|---|
| Security Deposit | 11/5/2021 | 651745 | $14,985.00 |
| December rent | 12/1/2021 | 651694 | $14,985.00 |
| December prepaid tax | 12/1/2021 | | $577.00 |
| December late charge | 12/8/2021 | 651895 | $749.25 |
| **TOTAL** | | | **$31,296.25** |

As you know, Paragraph 2.06 of the Lease Agreement provides:

**2.06. Security Deposit.** Landlord hereby acknowledges receipt of $14,985.00 representing the first month's Base Rent paid in advance, to be applied to the Rent for the first month of the Term when due. Landlord also acknowledges receipt of $14,985.00 representing Tenant's Deposit (hereinafter referred to as the **"Security Deposit"**) as Security for the full and faithful performance by Tenant of the terms, conditions and covenants of this Lease which are to be performed and kept by Tenant. Landlord may apply any portion of the Security Deposit as may be necessary to cure an Event of Default by Tenant, which is hereinafter defined, including, but not limited to, the failure of Tenant to pay Rent, Additional Rent or any other charges which accrue in favor of Landlord or Landlord's agents or

**EXHIBIT 3**

## KRELL & TORIGIAN

Mr. Robert E. Welch d/b/a
GAS PROCESS EQUIPMENT CO.
December 10, 2021
Page 2

> subcontractors for goods or services furnished to the Premises at Tenant's request, which are not required to be furnished by Landlord pursuant to this Lease. In the event Tenant fails to repair damages caused by the removal of fixtures allowed to be removed under Section 4.11, Landlord may apply any portion of the Security Deposit as may be necessary to make such repairs. If Landlord so uses or applies all or any portion of the Security Deposit pursuant to the terms of this Section, Tenant shall, within fifteen (15) days after written demand from Landlord, deposit cash with Landlord in an amount sufficient to restore the Security Deposit to the full amount hereinabove stated and Tenant's failure to timely do so shall constitute a Default and a breach of this Lease. Further, Landlord's deduction of the amounts owed by Tenant to Landlord from the Security Deposit shall in no event release Tenant from being in Default under the terms of this Lease. Landlord shall not be required to keep the Security Deposit separate from its general accounts. If Tenant performs all of Tenant's obligations pursuant to the Lease, the Security Deposit or so much thereof as has not been applied by Landlord shall be returned to Tenant thirty (30) days after Tenant delivers to Landlord written demand for the return of the Security Deposit, providing Landlord with a current forwarding address to remit the return of the Security Deposit.

As you know, Paragraph 2.08 of the Lease Agreement provides:

> **2.08. Late Charges.** In the event any installment of Rent or Additional Rent, as defined herein, has not been received by Landlord within 5 calendar days after the date the amount was due, a late charge of five cents($.05) per each dollar so overdue shall be charged by Landlord, as Additional Rent, for the purpose of defraying Landlord's administrative expenses incident to the handling of such overdue payments, and Tenant agrees to pay such Additional Rent to Landlord upon demand.

Paragraph 4.03(a) of the Lease Agreement provides:

> **4.03 Property Taxes.**
>
> **(a) Taxes and Assessments.** Landlord agrees to pay, as they become due and payable during the term of this Lease and before they become subject to penalties or interest, **ALL AD VALOREM TAXES** lawfully levied or assessed against the Premises or any part thereof, which are owned by Landlord, including

Improvements. Such **AD VALOREM TAXES** shall be one hundred percent (100%) reimbursable by Tenant to Landlord as ADDITIONAL RENT. Landlord and Tenant stipulate and agree that for the purpose of this Lease, Tenant's responsibility for taxes begins on the first (1st) day of the month of the initial Commencement Date as defined in the original Paragraph 1.02 of the original Lease Agreement, without regard to any extensions of this Lease as a result of subsequent Amendments or options to this Lease and ends on the last day of the month of the Lease Termination Date as extended by Lease Amendment or Options, if any. In November or December of each tax year Landlord shall provide Tenant with a copy of the AD VALOREM TAX bills applicable to the Premises issued by the Harris County taxing authorities, along with a detailed computation of the amount of taxes due for that tax year which are attributable to the Premises, which amount will be charged to Tenant as ADDITIONAL RENT which shall become due and payable by Tenant to Landlord within twenty (20) days from receipt of Landlord's invoice. In the event Tenant fails to pay Landlord such amount within such 20-day period, Tenant shall be in DEFAULT and the ADDITIONAL RENT shall be subject to late charges as provided for in Paragraph 2.08 hereof and interest at the rate of 10% per annum as provided for in Paragraph 6.02 hereof, commencing after twenty (20) days from Landlord's invoice and continuing to the date Tenant reimburses Landlord. In the alternative, at Landlords sole option, Landlord may elect to prorate Tenant's tax liability on a monthly basis and invoice Tenant as additional rent, one twelfth (1/12) of Tenant's estimated tax for the Premises for the current tax year based on the last tax year's value of the Premises. If Landlord so elects, Landlord shall pay all real estate taxes directly to the taxing authorities prior to any assessment of penalties or interest. In the event the actual tax payment exceeds the estimated tax paid by Tenant, Landlord shall invoice Tenant for the excess and Tenant shall pay such amount as additional rent, which shall be due and payable by Tenant within ten (10) days from the receipt of Landlord's invoice and such amount is subject to the late charges set forth in Paragraph 2.08 hereof and interest at the rate of 10% per annum as set forth in Paragraph 6.02 hereof, both commencing ten (10) days from receipt of Landlord's invoice. In the event the amount paid by Landlord to the taxing authorities is less than the amount Tenant has paid to Landlord pursuant to the estimate, then Landlord shall deduct the difference from the next pro rata monthly payment Tenant is required to make for estimated real property tax payments for the succeeding tax year.

Paragraph 6.01 of the Lease Agreement provides:

> **6.01** **Default by Tenant**. The occurrence of any one or more of the following events (each an "**Event of Default**") shall constitute a default and breach of this Lease by Tenant:

# KRELL & TORIGIAN

Mr. Robert E. Welch d/b/a
GAS PROCESS EQUIPMENT CO.
December 10, 2021
Page 4

>    (a)   Failure of Tenant to pay any Base Rent or Additional Rent payable under this Lease or fails to pay any other monetary obligation required to be paid by Tenant within five (5) days after receiving written notice from Landlord notifying Tenant of Tenant's failure to pay such amount.
>    (b)   Failure of Tenant to occupy and conduct business in the Premises for a period of 15 consecutive days, or the abandonment or vacating of the Premises or any significant portion thereof.

Paragraph 6.02 of the Lease Agreement provides:

> **6.02.   Late Payments.** Unless otherwise set forth specifically herein, in addition to the late charge provided for in Paragraph 2.08 hereof, all late payments of Rent, Additional Rent, or other amounts or any portion thereof owed by Tenant to Landlord, its agents, contractors or subcontractors, shall bear interest from the date of invoice or the dates such amount come due, whichever date is first, until paid, at the rate of 10% per annum or the highest lawful rate allowed by the State of Texas, whichever sum is less.

Paragraph 6.07 of the Lease Agreement provides:

> **6.07.   Legal Costs.** Tenant shall reimburse Landlord, upon demand, for any costs and expenses incurred by Landlord in connection with any breach or default of Tenant under this Lease, whether or not suit is commenced, or judgment entered or any documents Tenant requests Landlord to sign for the benefit of Tenant such as Landlord's Waivers, etc. Such costs shall include, but not be limited to, legal fees and costs incurred for the negotiation of a settlement, enforcement of rights or otherwise. Furthermore, if any action for breach of or to enforce the provisions of this Lease is commenced, the court in such action shall award to Landlord a reasonable sum as attorneys' fees and costs. Tenant shall also indemnify Landlord against and hold Landlord harmless from all costs, expenses, demands and liability incurred by Landlord if Landlord becomes or is made a party to any claim or action (a) instituted by Tenant, or by any third party against Tenant (b) for foreclosure of any lien for labor or material furnished to or for Tenant or such other person; (c) otherwise arising out of or resulting from any act or transaction of Tenant or such other person; or (d) necessary to protect Landlord's interest under this Lease in a bankruptcy proceeding, or other proceeding under Title 11 of the United States Code, as amended. Tenant shall defend Landlord against any such claim or action at Tenant's expense with counsel reasonably acceptable to Landlord or, at Landlord's election, Tenant shall reimburse Landlord for any legal fees or

## KRELL & TORIGIAN

Mr. Robert E. Welch d/b/a
GAS PROCESS EQUIPMENT CO.
December 10, 2021
Page 5

costs incurred by Landlord in any such claim or action. In addition, Tenant shall pay Landlord's reasonable attorneys' fees incurred in connection with Tenant's request for Landlord's consent in connection with any act which Tenant proposed to do, and which requires Landlord's consent.

This is your **FORMAL NOTICE TO EITHER PAY THE SUM OF $31,296.25 OR VACATE THE PREMISES WITHIN THREE (3) DAYS** from the date of your receipt of this letter. If the Premises are not vacated at that time, The Texas Development Company will file a forcible detainer suit against you to obtain possession of the Premises together with attorneys' fees and court costs pursuant to Chapter 24 of the Texas Property Code.

Very truly yours

Raymond A. Krell

RAK/js